FILED
NOV - 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDRE J. TWITTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06 1866 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER

This matter comes before the Court upon review of plaintiffs' *pro se* complaint and application to proceed *in forma pauperis*. Plaintiff, an inmate at the United States Penitentiary in Florence, Colorado, alleges that the Federal Bureau of Investigation violated his constitutional rights by failing to investigate the deliberate indifference to his medical condition by prison staff. He brings this claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*

The FTCA provides that district courts have jurisdiction over claims arising from torts committed by federal employees in the scope of their employment. *Sloan v. Dep't of Housing and Urban Dev.*, 236 F.3d 756, 759 (D.C. Cir. 2001); *see also* 28 U.S.C. § 1346(b). The FTCA is the exclusive remedy for torts committed by federal employees. *United States v. Smith*, 499 U.S. 160, 163 (1991). Claims under the FTCA "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff resides in Colorado and the acts or omissions complained of took place in that state.

1

Accordingly, venue is improper in this Court.

When a plaintiff files an action in the wrong district, courts are to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. 28 U.S.C. § 1406(a). A district court may transfer a civil action to any other district where the claim might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a); *see also Zakiya v. United States*, 267 F.Supp. 2d 47, 59 (D.D.C. 2003). As a general matter, a transfer of the case is favored over a dismissal. *El v. Beden*, 360 F.Supp. 2d 90, 93 (D.D.C. 2004). In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).

As noted above, all the events described in the complaint occurred in Florence, Colorado. The cause of action arose in that jurisdiction. Any relevant witnesses and potential documentary evidence would be located there. Therefore, in the interests of justice, the case should be transferred to that district. Accordingly, it is

ORDERED that the case be TRANSFERRED to the United States District Court for the District of Colorado. Whether plaintiff should be granted *in forma pauperis* status is a matter to be determined by the transferee court.

/s/ Rosemary M. Collyer
United States District Judge

DATE: 23 Oct 2006

2